**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STEPHANIE PUI-MUN LAW,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
"A",

      Defendants.

Case No.: 1:26-cv-05290

Judge Charles P. Kocoras

Magistrate Judge Laura K. McNally

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S RENEWED MOTION**
**FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANTS**
**NOS. 1, 7, 9, 27, 37, AND 39**

Plaintiff, STEPHANIE PUI-MUN LAW ("Law" or "Plaintiff"), submits the following memorandum in support of Plaintiff's Renewed Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against six Defendants: Defendant Nos. 1 (yankuoshangpin), 7 (qifujiang33), 9 (fuxiangfuzhaung), 27 (zhangliang66), 37 (wuhushiliuyinyishangmaoyouxiangongsi), and 39 (Tanxih agent) (the "Defaulting Defendants") based on Plaintiff's action for copyright infringement (Count I). None of the Defaulting Defendants have appeared, settled, or been dismissed.

This Renewed Motion is filed in response to the Court's Order of June 23, 2026 [42], which denied Plaintiff's prior motion [35] without prejudice and directed Plaintiff, by July 8, 2026, to file either a renewed motion supported by a memorandum explaining, under *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026), why and based on what efforts email service is proper for each Defaulting Defendant, and stating whether the Court has personal jurisdiction over each Defaulting Defendant as addressed in *Liu v. Monthly*,

1

170 F.4th 1090 (7th Cir. 2026). This memorandum makes both showings for each of the six Defaulting Defendants.

Plaintiff is the owner of the copyright registrations that protect the creative content of the Stephanie Law Works. Complaint [1] at ¶ 8. Plaintiff is a visual artist and illustrator specializing in mythological and allegorical watercolor paintings. *Id.* Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Stephanie Law Works, *id.* at ¶ 9, and products associated with the Stephanie Law Works are widely recognized and exclusively associated by consumers with Law. *Id.* No one other than Law and her licensees is authorized to create derivative works, offer for sale, or sell goods utilizing the Stephanie Law Works. *Id.* at ¶ 15.

Each Defaulting Defendant conducts business throughout the United States, including within Illinois and this judicial district, through the operation of the fully interactive commercial online marketplace accounts (the "Defendant Internet Stores"). *Id.* at ¶¶ 2, 16. Each Defaulting Defendant operates an Amazon storefront and, as set out in Section I below, completed at least a sale of an infringing product into Illinois.

Plaintiff filed this action on May 7, 2026. [1]. The Court granted Plaintiff's Ex Parte Motion for a Temporary Restraining Order (the "TRO") on May 11, 2026 [19], and converted the TRO into a Preliminary Injunction on May 26, 2026 [30]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process by electronic publication or by e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Stephanie Pui-Mun Law and any e-mail addresses provided for Defendants by third parties. The Defaulting Defendants were served by e-mail on May 20, 2026. [26]. None of the Defaulting Defendants has entered an appearance or otherwise defended. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶ 13. On June

11, 2026, Plaintiff moved for entry of default and default judgment [35]; the Court denied that motion without prejudice on June 23, 2026 [42]. Plaintiff now renews the motion as to the six Defaulting Defendants.

**ARGUMENT**

I.  **THIS COURT HAS SUBJECT-MATTER JURISDICTION, VENUE IS PROPER, AND THE COURT HAS PERSONAL JURISDICTION OVER EACH DEFAULTING DEFENDANT AS ADDRESSED IN *LIU V. MONTHLY***

This Court has original subject-matter jurisdiction under the Copyright Act, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391. On a motion without an evidentiary hearing, Plaintiff bears only the burden of a prima facie showing of personal jurisdiction, with asserted facts accepted as true and disputes resolved in Plaintiff's favor. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010).

The Court's Order [42] directs Plaintiff to state whether the Court has personal jurisdiction over each Defaulting Defendant "as addressed in *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026), and direct the Court to the evidence establishing personal jurisdiction for each defaulting defendant." Under *Liu*, personal jurisdiction over each Schedule A defendant must be established per defendant, by evidence; operating an interactive store that merely offers shipping to Illinois does not, standing alone, establish purposeful direction, and checkout screenshots that do not reflect a completed purchase are insufficient. *Liu*, 170 F.4th at 1093–94. What carries specific jurisdiction is operation of an online store accessible in Illinois "combined with completed sales in the forum state." *Id.* at 1093; *see NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 623–27 (7th Cir. 2022).

Plaintiff makes that per-defendant showing here with evidence of an actual completed sale of the accused product into Illinois as to each of the six Defaulting Defendants. Before suit, persons acting under counsel's direction purchased the accused product from each Defendant's Amazon

storefront, with delivery to Illinois; each order was placed March 19, 2026, confirmed by Amazon, and fulfilled by the Defendant with shipment to 1111 W. 35th Street, Chicago, Illinois, 60609. Vogt Declaration at ¶ 5. The order confirmations are attached as Exhibit B to the Vogt Declaration and a summary of the orders are reproduced below:

| Def. No. | Storefront | Amazon Order No. | Accused product shipped to Illinois |
|---|---|---|---|
| 1 | yankuoshangpin | 114-4211026-8773052 | Dragonfly "I Am Always with You" wooden wall art |
| 7 | qifujiang33 | 113-1283241-4476256 | Dragonfly "I Am Always with You" tin sign |
| 9 | fuxiangfuzhaung | 113-3450521-1461845 | Dragonfly "I Am Always With You" tin sign |
| 27 | zhangliang66 | 113-2781401-3767409 | Dragonfly "I Am Always with You" tin sign |
| 37 | wuhushiliuyinyishangmao youxiangongsi | 114-8704486-5926606 | Dragonfly "Choose Kindness" tin sign |
| 39 | Tanxih agent | 114-4739744-9315441 | Shower curtain bearing the dragonfly artwork |

Each completed sale was of a product bearing an infringing reproduction of the Stephanie Law Works (*see* Vogt Declaration, Exhibit C) and shipped into Illinois, establishing both the completed forum sale *Liu* requires and the nexus between the forum contact and the copyright claim. This Court therefore has specific personal jurisdiction over each of the six Defaulting Defendants. *Liu*, 170 F.4th at 1093; *see also, e.g., Kristen Marie Boydstun v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01716 (N.D. Ill. Apr. 6, 2026); *Lily & Val, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-02905 (N.D. Ill. May 6, 2026).

II.     **SERVICE BY EMAIL WAS PROPER AS TO EACH DEFAULTING DEFENDANT UNDER *KANGOL* BECAUSE EACH DEFENDANT'S PHYSICAL ADDRESS REMAINED UNKNOWN AFTER REASONABLY DILIGENT EFFORTS TO ASCERTAIN IT**

Rule 4(f)(3) authorizes service by any means "not prohibited by international agreement." In *Kangol*, the Seventh Circuit held that the Hague Service Convention prohibits email service in China only "where the Convention applies," and that "the district court must decide whether the Convention applies at all." 2026 WL 1502198, at 1*,* 6. The Convention "shall not apply where the address of the person to be served with the document is not known." *Id.* at 4 (quoting art. 1). Courts "typically require plaintiffs to make 'reasonably diligent efforts to ascertain and verify [the] defendant's mailing address' before deeming the defendant's address unknown." *Id*. (quoting *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A*," 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). "[B]are assertions regarding the reliability of [a] [d]efendant's publicly available address are not a substitute for actual diligence." *NBA Props.*, 549 F. Supp. 3d at 796; *see Roadget Bus. Pte. Ltd. v. Individuals*, No. 23-cv-17036, 2024 WL 1858592, at 5 (N.D. Ill. Apr. 29, 2024); *Strabala v. Zhang*, 318 F.R.D. 81, 115 & n.36 (N.D. Ill. 2016).

For each Defaulting Defendant, Plaintiff (1) collected the address the marketplace disclosed for the storefront; (2) searched it in Google and Google Maps; (3) analyzed the disclosure in its native Chinese characters (administrative hierarchy, presence of a civic number, internal coherence); and (4) searched the PRC enterprise registry (Tianyancha / 天眼查) for the entity registered at the disclosed address, and separately searched each storefront name. Vogt Declaration at ¶¶ 6–10 & Exhibit A. The storefront-name searches returned no registered entity for any of the six; each is an unregistered e-commerce pseudonym. These efforts are memorialized per defendant in the Defendant Address Investigation Table (Vogt Declaration, Exhibit A).

Each disclosed a facially specific residential or commercial address that resolves to a real building; the registry investigation confirms, per defendant, that the address is unknown as to each Defendant as follows:

- **No. 37 (wuhushiliuyinyishangmaoyouxiangongsi):** No entity is registered at the disclosed unit (Unit 1503), which sits in a residential building; and the disclosure is internally incoherent: the storefront name references Wuhu (Anhui) while the address is in Weifang (Shandong). Address not known. *See* Exhibit A to the Vogt Declaration.

- **No. 39 (Tanxih agent):** The sole entity registered at the disclosed address (遵义市桂轩安贸易有限公司, a food-and-beverage wholesaler) bears no relation to "Tanxih agent," and the address is a bus-station dormitory. Address not known. *See* Exhibit A to the Vogt Declaration.

- **No. 1 (yankuoshangpin):** The entity registered at the disclosed unit (东莞市颜恬贸易有限公司) bears no relation to "yankuoshangpin." Address not known. *See* Exhibit A to the Vogt Declaration.

- **No. 9 (fuxiangfuzhaung):** The disclosed address is a commercial park at which more than twenty unrelated entities are registered, none matching the storefront, and the disclosure bears no unit designation. Address not known. *See* Exhibit A to the Vogt Declaration.

- **No. 7 (qifujiang33):** The disclosed unit is a multi-tenant office at which more than twenty unrelated entities are registered (several as correspondence addresses only), none matching the storefront. Address not known. *See* Exhibit A. to the Vogt Declaration

- **No. 27 (zhangliang66):** Two unrelated companies are registered at the single disclosed storefront unit (河北千梭纺织科技有限公司 and 晋州市朗腾进出口贸易有限公司), and neither company name matches "zhangliang66." Plaintiff addresses candidly the one overlap: the legal representative of one company shares the common personal name 张亮. That coincidence does not make the address "known" as to this Defendant — the registered company names and their textile/apparel business scope do not correspond to the storefront or to the metal-art product actually sold; "张亮" is among the most common personal names in China; and two unrelated companies sharing one storefront unit reflects a shared/nominee registration rather than this seller's verified premises. Address not known. *See* Exhibit A to the Vogt Declaration.

Because each Defaulting Defendant's address "is not known" within Article 1, the Convention did not apply, and the electronic service authorized by the TRO ([19] at ¶ 7) and Preliminary Injunction [30] was proper. *Kangol*, 2026 WL 1502198, at 4, 6.

### III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Under Rule 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Defaulting Defendants were served on May 20, 2026 [26], and more than twenty-one days have passed with no answer or responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A); Vogt Declaration ¶ 13. Upon information and belief, none of the Defaulting Defendants is a minor, incompetent person, or active-duty member of the U.S. armed forces. *Id.* Entry of default is appropriate.

### IV. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) provides for a court-ordered default judgment, which establishes as a matter of law that defendants are liable on each cause of action alleged. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). The well-pleaded factual allegations are taken as true and may not be challenged. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

#### A. Copyright infringement.

To establish infringement under 17 U.S.C. § 501, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of original constituent elements. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Copyright protection extends to derivative works. 17 U.S.C. § 101. Law owns the registered copyrights in the Stephanie Law Works, [1] ¶¶ 3, 5, 10, and alleged that the Works were infringed, *id.* ¶¶ 17–22. Because the Defaulting Defendants have not responded, these allegations are taken as true, Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008), and each Defaulting Defendant is liable on Count I. The completed test purchases (Section I; Vogt Declaration, Exhibit B) further confirm that each Defendant in fact sold an infringing product.

## B. Statutory damages.

Section 504(c)(1) permits statutory damages of $750–$30,000 per work, and § 504(c)(2) permits up to $150,000 per work for willful infringement. *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). Infringement is willful where the defendant knows its conduct infringes or recklessly disregards the owner's rights, *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994), and willful blindness suffices, *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003). By defaulting, each Defaulting Defendant is deemed to have willfully infringed. Consistent with the Internet Policy Task Force White Paper on Remixes, First Sale, and Statutory Damages (Exhibit 1) (higher statutory damages warranted in willful cases) and the Special 301 Out-of-Cycle Review of Notorious Markets (Exhibit 2), and because the infringing sales were made over the internet, Plaintiff requests statutory damages of one hundred thousand dollars ($100,000) per Defaulting Defendant. *See, e.g., Boydstun*, No. 26-cv-01716; *Lily & Val*, No. 26-cv-02905.

## C. Permanent injunction.

Plaintiff requests a permanent injunction enjoining each Defaulting Defendant from infringing or otherwise violating the Stephanie Law Works, including at least all relief in the TRO [19] and Preliminary Injunction [30], and extending to any newly identified storefronts or marketplace accounts operated by the Defaulting Defendants and selling infringing Stephanie Law Products. *See, e.g., Boydstun*, No. 26-cv-01716; *Lily & Val*, No. 26-cv-02905.

## D. Transfer of restrained funds.

Plaintiff requests that all assets in the Defaulting Defendants' financial accounts operated by Amazon, as well as any newly identified accounts, be transferred to Plaintiff in partial satisfaction of the judgment.

**V.** **CONCLUSION**

Plaintiff respectfully requests that the Court grant her Renewed Motion, enter default and default judgment against each of the six Defaulting Defendants on Count I, award statutory damages of one hundred thousand dollars ($100,000) per Defaulting Defendant under 17 U.S.C. § 504(c)(2), enter a permanent injunction, and order the transfer of the restrained funds to Plaintiff.

DATED: July 8, 2026                                        Respectfully submitted,

                                                           _/s/ Keith A. Vogt_
                                                           Keith A. Vogt
                                                           FL Bar No. 1036084/IL Bar No. 6207971
                                                           Keith A. Vogt PLLC
                                                           1820 NE 163rd Street, Suite #306
                                                           North Miami Beach, Florida 33162
                                                           Telephone: 312-971-6752
                                                           E-mail: keith@vogtip.com

                                                           ***ATTORNEY FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ *Keith A. Vogt*
Keith A. Vogt