**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STEPHANIE PUI-MUN LAW,

     Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
"A",

     Defendants.

Case No.: 1:26-cv-05290

Judge Charles P. Kocoras

Magistrate Judge Laura K. McNally

**DECLARATION OF KEITH A. VOGT IN SUPPORT OF PLAINTIFF'S RENEWED**
**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

I, KEITH A. VOGT, declare as follows:

1.    I am an attorney at law, duly admitted to practice before the Courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, Stephanie Pui-Mun Law. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify to them. I submit this declaration in support of Plaintiff's Renewed Motion for Entry of Default and Default Judgment, which is brought **as to the six Defaulting Defendants identified below** (Defendant Nos. 1, 7, 9, 27, 37, and 39); Plaintiff reserves its rights as to the remaining Defendants.

2.    Plaintiff owns the United States copyright registrations for the Stephanie Law Works, a body of mythological and allegorical watercolor illustrations, including Reg. Nos. VA 2-467-636, VA 2-467-449, and VA 2-467-639.

3.    **The six Defaulting Defendants.** This declaration and the accompanying Renewed Motion concern the following six Defendants, each of which operates an Amazon storefront under the

1

seller alias listed. *See* Exhibit A. None of the Defendants has appeared, answered, or otherwise responded, or been dismissed:

| Def. No. | Seller alias (storefront) |
|---|---|
| 1 | yankuoshangpin |
| 7 | qifujiang33 |
| 9 | fuxiangfuzhaung |
| 27 | zhangliang66 |
| 37 | wuhushiliuyinyishangmaoyouxiangongsi |
| 39 | Tanxih agent |

4.      **Service by email.** On May 11, 2026, the Court entered a Temporary Restraining Order [19]. Paragraph 7 of the Order authorized service by electronic publication or email. The Preliminary Injunction [30] continued the same authorization. Persons acting under my direction served each of the six Defaulting Defendants by email to the electronic-mail address the marketplace associates with that Defendant's storefront and seller account, and by electronic publication. A summons returned executed was filed on May 20, 2026. [20].

5.      **Personal jurisdiction — completed Illinois sales.** Before suit, persons acting under my direction purchased the accused product from each of the six Defendants' storefronts, with delivery to an address in Illinois. Each order was placed March 19, 2026, was confirmed by Amazon, and was fulfilled by the Defendant's store with shipment to 1111 W. 35th Street, 15th Floor, Chicago, Illinois, 60609. True and correct copies of the six order confirmations are attached as **Exhibit B**. The specifics are:

| Def. No. | Amazon Order No. | Accused product purchased |
|---|---|---|
| 1 | 114-4211026-8773052 | "Fun Dragonfly Decor Sign … I Am Always with You Wooden Wall Art" |
| 7 | 113-1283241-4476256 | "Creative Tin Sign Dragonfly I Am Always with You …" |

| Def. No. | Amazon Order No. | Accused product purchased |
|---|---|---|
| 9 | 113-3450521-1461845 | "Creative Tin Sign Dragonfly I Am Always With You …" |
| 27 | 113-2781401-3767409 | "Dragonfly Metal Signs … I Am Always with You Tin Sign …" |
| 37 | 114-8704486-5926606 | "Creative Tin Sign Dragonfly Choose Kindness …" |
| 39 | 114-4739744-9315441 | Shower curtain (with rod) bearing the dragonfly artwork |

Each purchased product bears an infringing reproduction of the Stephanie Law Works. True and correct copies of the infringement are attached as **Exhibit C**.

6. **Plaintiff's Diligent efforts to ascertain a physical address (Kangol).** In response to the Court's June 23, 2026 Order [42], and consistent with *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198, at 6 (7th Cir. May 29, 2026), I — with persons acting under my direction — undertook reasonably diligent efforts to ascertain a physical address for each of the six Defendants. Those efforts and their per-defendant results are set out in the Defendant Address Investigation Table attached as **Exhibit A**, and summarized below.

7. **Effort one — marketplace-disclosed address.** For each Defendant, the marketplace produced the address the Defendant provided to the platform; it is reproduced in Exhibit A exactly as pulled.

8. **Effort two — mapping-service searches.** Persons acting under my direction searched each disclosed address in Google and Google Maps and, because the disclosed addresses are in Chinese and Google's mapping products do not operate reliably within the People's Republic of China, in the leading Chinese-language mapping service, Baidu Maps (百度地图), and, as to Defendant No. 27, additionally in Amap (高德地图), to determine whether the address resolves to a specific, deliverable premises attributable to the Defendant. For example, as to Defendant No.

3

27, neither Baidu Maps nor Amap resolves the disclosed "西门1-0014号门市" (the community has no gate named "西门," only 西1门 and 西2门, and the stated storefront unit does not appear). True and correct copies of the resulting map captures are maintained and available to the Court.

9. **Effort three — analysis of the disclosure.** We analyzed each disclosed address, including its Chinese-character text, to determine whether it identifies a deliverable, defendant-specific premises.

10. **Effort four — PRC business-registry search.** Persons acting under my direction searched a Chinese enterprise-registry database (Tianyancha / 天眼查) for the entity registered at each disclosed address, and separately searched each Defendant's storefront name, to determine whether the registered occupant matches the Defendant. The storefront-name searches returned no registered entity for any of the six, and the address searches returned the results in Exhibit A.

11. **Results — the physical address is unknown as to each of the six Defendants:**

- **No. 37 (wuhushiliuyinyishangmaoyouxiangongsi):** No entity is registered at the disclosed unit (Unit 1503, 金源大厦), which is a residential building; and the disclosure is internally incoherent: the storefront name references Wuhu (Anhui) while the address is in Weifang (Shandong). Address unknown as to this Defendant.
- **No. 39 (Tanxih agent):** The entity registered at the disclosed address (遵义市桂轩安贸易有限公司, a food-and-beverage wholesaler, legal representative 智燕妮) bears no relation to "Tanxih agent," and the address is a bus-station dormitory. Address unknown as to this Defendant.
- **No. 1 (yankuoshangpin):** The entity registered at the disclosed address (东莞市颜恬贸易有限公司, legal representative 蔡金狮) bears no relation to "yankuoshangpin." Address unknown as to this Defendant.
- **No. 9 (fuxiangfuzhaung):** The disclosed address is a commercial park at which more than twenty unrelated entities are registered, none matching the storefront, and the disclosure bears no unit designation. Address unknown as to this Defendant.
- **No. 7 (qifujiang33):** The disclosed unit is a multi-tenant office at which more than twenty unrelated entities are registered (several recorded only as a correspondence address), none matching the storefront. Address unknown as to this Defendant.

4

- **No. 27 (zhangliang66):** Two unrelated companies are registered at the single disclosed storefront unit (河北千梭纺织科技有限公司 and 晋州市朗腾进出口贸易有限公司); neither company name matches "zhangliang66." While the legal representative of one company shares the common surname-and-given-name 张亮, the registered company names and business scope (textiles/apparel) do not correspond to the storefront or to the product sold, and the sharing of the single unit by two unrelated companies reflects a shared registration rather than this Defendant's actual premises. Address unknown as to this Defendant.

12. For each of the six Defendants, Plaintiff collected the marketplace-disclosed address, searched it in Google and Google Maps, analyzed the disclosure (including its Chinese-character text), and searched the PRC enterprise registry by both address and storefront name. Those reasonably diligent efforts did not yield a physical address ascertainable as to each Defendant. Accordingly, the Hague Service Convention does not apply, and the electornic service authorized by the Temporary Restraining Order [19] and Preliminary Injunction [30] was proper.

13. Each of the six Defaulting Defendants was served as described above, has failed to plead or otherwise defend this action within the time permitted by Federal Rule of Civil Procedure 12(a)(1)(A), and that time has expired.

14. My office investigated the infringing activities of the Defaulting Defendants, including their contact information; that investigation confirmed that the Defaulting Defendants are primarily domiciled in China. Upon information and belief, none of the Defaulting Defendants is a minor, incompetent person or an active-duty member of the United States armed forces.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on July 8, 2026.

*/s/ Keith A. Vogt*
Keith A. Vogt
IL Bar No. 6207971; FL Bar No. 1036084
Keith A. Vogt PLLC
1820 NE 163rd St., Suite 306
North Miami Beach, FL 33162
312-971-6752
keith@vogtip.com
*Counsel for Plaintiff*

5