**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Stephanie Pui−Mun Law

Plaintiff,

v.

Case No.: 1:26−cv−05290

Honorable Charles P. Kocoras

The Partnerships and Unincorporated Associations Identified on Schedule A, et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, August 19, 2026:

MINUTE entry before the Honorable Charles P. Kocoras: Plaintiff's renewed motion for entry of default and default judgment [46] is denied without prejudice to renewal. As a threshold matter, Plaintiff has presented evidence of completed purchases and deliveries of the allegedly infringing products to customers in Illinois as to each of the six defaulting Defendants, and the Court has no concerns regarding personal jurisdiction. See Liu v. Monthly, 170 F.4th 1090 (7th Cir. 2026). Entry of default, however, requires proper service of process. The Seventh Circuit has held that the Hague Service Convention prohibits service by email in China; such service is proper only if the Convention does not apply because the defendant's address is "not known" after the plaintiff has made reasonably diligent efforts to ascertain and verify it. Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co., 177 F.4th 793, 799 (7th Cir. 2026) (citing NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A", 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021)). Where a plaintiff's investigation yields an identifiable physical location, reasonably diligent efforts require the plaintiff to pursue that lead through additional investigative steps−such as test mailings to the address by an established courier, follow−up with the courier regarding any failed deliveries, or sending an investigator to the location−before deeming the address unknown. See Su v. HHUNSHA, No. 26 C 4878, Dkt. 25 (N.D. Ill. June 22, 2026); accord Nos. 26 C 6033 (N.D. Ill. June 15, 2026) (Alexakis) & 26 C 6096 (N.D. Ill. June 17, 2026) (Jenkins) (minute entries) (finding reasonable diligence where counsel's sworn declaration detailed Baidu searches, a Qichacha search by the defendant's actual business name, multiple test mailings by an established courier, and personal follow−up with the courier). Database searches alone, without exhaustion of the addresses actually in Plaintiff's possession, are not a substitute for actual diligence. See Deckers Outdoor Corp. v. A AO, 2026 WL 1802901 (N.D. Ill. June 23, 2026); NBA Props., 549 F. Supp. 3d at 796. Plaintiff may file a renewed motion for entry of default supported by sworn declarations detailing the specific, diligent efforts taken−and the outcome of those efforts−as to each Defendant. An updated status report is due on 9/10/2026. Mailed notice (ags)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.